Case 1:20-cv-02646-VEC   Document 9   Filed 09/02/20   Page 1 of 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/02/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY                    :
DISTRICT COUNCIL OF CARPENTERS                   :
PENSION FUND, WELFARE FUND, ANNUITY              :
FUND, AND APPRENTICESHIP, JOURNEYMAN             :
RETRAINING, EDUCATIONAL AND                      :       20-CV-2646 (VEC)
INDUSTRY FUND, TRUSTEES OF THE NEW               :
YORK CITY CARPENTERS RELIEF AND                  :       ORDER AND JUDGMENT
CHARITY FUND, THE CARPENTER                      :
CONTRACTOR ALLIANCE OF                           :
METROPOLITAN NEW YORK, and the NEW               :
YORK CITY DISTRICT COUNCIL OF                    :
CARPENTERS,                                      :
                                  Petitioners,   :
                                                 :
                 -against-                       :
                                                 :
SAHEET CONSTRUCTION CORP.,                       :
                                                 :
                                  Respondent.    :
------------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Petitioners New York City District Council of Carpenters and trustees for the union's employee benefit funds seek confirmation of an arbitration award entered against Respondent Saheet Construction Corp., as well as attorneys' fees and costs, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the petition is GRANTED.

**I.     BACKGROUND**

Petitioners seek to enforce an arbitration award of $39,991.40 plus interest against Respondent entered pursuant to the parties' applicable collective bargaining agreement. Pet. (Dkt. 1) ¶¶ 1, 17, 22–23; CBA (Dkt. 1-3). According to the Petition, Respondent executed a letter of assent ("PLA Affidavit") around September 30, 2016, which bound Respondent to the

1

Build It Back Queens Outer Borough Residential Market Recovery Project Labor Agreement between Tishman Construction Corporation of New York and Building Construction Trades Council of Greater New York and Vicinity (the "PLA").  Pet. ¶ 9; PLA Affidavit (Dkt. 1-1); PLA (Dkt. 1-2).  Respondent thus became bound by various collective bargaining agreements, including the Independent Building Construction Agreement (the "CBA").  Pet. ¶ 10; PLA Art. 2 § 4, Art. 4 § 2, Art 11 § 2, Art. 18 § 1, Sched. A.  The CBA and PLA require Respondent to remit contributions to a set of fringe benefit funds (the "Funds") for each hour worked by a covered union employee; the CBA also allows the Funds to audit Respondent to ensure compliance with its contribution obligations.  Pet. ¶¶ 12–13; PLA Art. 11 § 2; CBA Art. XV § 1.  The CBA further requires arbitration of any disputes over such contributions.  Pet. ¶ 16; CBA Art. XV § 7.  The CBA and the Funds' Revised Statement of Policy for Collection of Employer Contributions provide that arbitration can result in an award of unpaid contributions, interest, liquidated damages, attorneys' fees, costs, and other relief.[1]  Pet. ¶ 17; CBA Art. XV §§ 6–7; Collection Policy (Dkt. 1-5) § V(4)–(6).

An audit covering the period from September 13, 2016, through September 25, 2018, revealed that Respondent had failed to remit contributions to the Funds in the amount of $22,568.18, prompting a demand for arbitration.  Pet. ¶¶ 18–20.  On February 6, 2020, the arbitrator found that Respondent had violated the CBA and required Respondent to pay $39,991.40 plus 6.75% interest accruing thereafter; payment of the arbitrator's award remains outstanding.  *Id.* ¶¶ 21–24; Op. & Default Award ("Award") (Dkt. 1-7).[2]

---

[1] Article XV, section 6, refers to "proceedings . . . instituted before an arbitrator under Section 14 of this Article," but there is no section 14 in Article XV.  This appears to be a typo and was instead meant to cross-reference section 7, which is the arbitration clause.

[2] At the arbitration, no one appeared for Respondent.  The arbitrator found that Respondent received sufficient notice but did not request an adjournment or extension of time to appear.  Award at 1–2.

## II.    DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted) (internal quotation marks omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition

---

The arbitration award of $39,991.40 included a principal deficiency of $22,568.18, plus interest, liquidated damages, promotional fund contributions, costs of the audit and arbitration, and attorneys' fees.  Pet. ¶ 22; Award at 3.

3

must be confirmed.  *See D.H. Blair & Co*, 462 F.3d at 109–10.  But "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 110 (quotation omitted).

The Court has reviewed Petitioners' submissions and finds that they have met their burden of production, and the undisputed facts show that the arbitrator's award was properly within the scope of his authority.  Petitioners' motion is granted, and the award is confirmed.

Petitioners also seek reimbursement for attorneys' fees and costs.  Pet. ¶¶ 27–34.  Courts may award attorneys' fees in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

The Court finds that an award of fees and costs is justified.  Respondent was bound by the CBA to submit disputes over contributions to arbitration.  Respondent failed to participate in the arbitration proceeding, failed to participate in the instant matter, and has not paid the arbitration award.  Additionally, the Collection Policy entitles Petitioners to reasonable attorneys' fees and costs incurred in collecting delinquent contributions.  *See* Petition ¶¶ 27–28; Collection Policy § V(6); *see also* CBA Art. XV § 6.  Petitioners seek $748 in attorneys' fees for 4.7 hours of work, along with $70 for service fees.  Pet. ¶¶ 30–34; Att'y Invoice (Dkt. 1-8).  The Court finds these amounts eminently reasonable, and awards Petitioners $818 for fees and costs.

### III.     CONCLUSION

For the reasons stated above, the Court grants the petition to confirm the arbitration award, awards judgment in Petitioners' favor in the amount of $39,991.40 plus 6.75% prejudgment interest from February 6, 2020, awards an additional $818 for attorneys' fees and costs related to this action, and imposes post-judgment interest at the statutory rate, 28 U.S.C. § 1961, until the judgment is paid.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Date:  September 2, 2020**           **VALERIE CAPRONI**
**       New York, New York**          **United States District Judge**